AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE PROPERTY LOCATED AT<br>2505 McHUGH ROAD,<br>BAKER, LOUISIANA 70814 | )<br>)<br>)<br>)<br>)<br>)   Case No. 21-MJ-84 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT "A"

located in the _____ Middle _____ District of _____ Louisiana _____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 §371 | Conspiracy |
| 18 §922(n) | Receipt of a Firearm while Under Felony Indictment |
| 18 §922(a)(6) | False Statements to a Federally Licensed Firearms Dealer |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ALTON CAMBRE  Digitally signed by ALTON CAMBRE
Date: 2021.08.25 21:18:34 -04'00'

*Applicant's signature*

Alton Cambre, ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date: _____ 08/25/2021 _____

*Judge's signature*

City and state:  Baton Rouge, Louisiana

Scott D. Johnson, U.S. Magistrate Judge

*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH | : | |
| OF THE PROPERTY LOCATED | : | 21-mj-84 |
| AT 2505 McHUGH ROAD, | : | |
| BAKER, LOUISIANA 70814 | : | **(UNDER SEAL)** |

<u>**AFFIDAVIT IN SUPPORT OF AN**</u>
<u>**APPLICATION FOR A SEARCH**</u>
<u>**WARRANT**</u>

I, Alton J. Cambre, being duly sworn and deposed, state the following:

**I.    <u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.    I make this affidavit in support of an application for a search warrant under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known located at 2505 McHugh Road, Baker, Louisiana, 70714, hereinafter "**SUBJECT PREMISES,**" further described in Attachment A, for the things described in Attachment B.

2.    Based on the facts set forth in this affidavit, I believe that the target of this investigation, **JAYLON JAMARE SMULLEN** ("**SMULLEN**") (B/M; D.O.B. 06/07/2000), has committed, is committing, or continues to commit, violations of Title 18, United States Code, Section 922(n) (receiving firearm(s) while under a felony bill of information); Title 18, United States Code, Sections 371 and 922(a)(6) (conspiring to provide false information to a federally licensed firearms dealer ("FFL") to order to illegally obtain firearm(s)), among other crimes. ("TARGET OFFENSES").  Further, there is also probable cause to search the places described in **Attachment A** for evidence, instrumentalities, and/or fruits of these crimes further described in **Attachment B**.

3.      I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco Firearms and Explosives ("ATF") and have been so employed since September of 1998.  I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy in Glynco, Georgia.  I am currently assigned to the Baton Rouge, Louisiana Field Office.  I have been trained in conducting investigations into violations of Federal firearms, explosives and arson laws.

4.      During my tenure with ATF I have been involved in various degrees and capacities with numerous investigations, including: the illegal possession of firearms by convicted felons; the possession and use of firearms by narcotics traffickers; illegal sale or possession of machineguns and short-barrel shotguns or rifles; arsons of structures which affect interstate commerce; the manufacturing and dealing of firearms without a license; and the manufacturing, possession, or use of illegal explosive devices.

5.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.      Based upon my own personal knowledge and information I have received from other Agents, Federal Firearms Licensees, law enforcement officers and citizens, I state the following:

II.    **PREMISES TO BE SEARCHED**

7.      The **SUBJECT PREMISES**, namely, 2505 McHugh Road, Baker, Louisiana, 70714, is a one-story, single family red brick home with an attached carport, which is believed to be occupied by **SMULLEN**, his girlfriend Scottriana Walker (D.O.B. 3/13/01), and their

three (3) year old child, Jayceon Smullen (D.O.B. 5/6/18). The **SUBJECT PREMISES** is more fully described in Attachment A.

III.    **FACTS ESTABLISHING PROBABLE CAUSE**

8.    There is probable cause to believe that **SMULLEN** committed the TARGET OFFENSES, and the evidence, fruits, and instrumentalities of these crimes will be found at the **SUBJECT PREMISES**.

9.    On August 11, 2021, J.P., the owner of B&J Pawn Shop in Denham Springs, contacted your Affiant regarding an individual who had made several large purchases of AR-15 type lower receivers in approximately the past two months.  J.P. provided the purchaser information, which identified the individual as Kendrick O'Nell Hart ("Hart") (B/M, D.O.B. 2/21/82) who resides at 4148 Sherwood Street Baton Rouge, Louisiana. J.P. stated that Hart ordered the receivers from distributors and had them delivered to B&J Pawn for transfer.

10.    According to J.P., on June 5, 2021, Hart purchased twenty (20) AR-15 lower receivers; on June 30, 2021, Hart purchased seventeen (17) AR-15 lower receivers.  J.P. stated that Hart made a third purchase of fifty (50) receivers that had been shipped to B&J Pawn.  As of August 11, 2021, Hart had not completed the required background check and therefore he had not received the third shipment of receivers.

11.    On August 12, 2021, your Affiant met with J.P. at B&J Pawn and obtained copies of the transaction forms for the first two orders of receivers that were completed by Hart.  Approximately an hour and a half after leaving B&J Pawn, J.P. contacted agents and said that Hart was in the pawn shop completing transaction forms for the third order of receivers.

3

12.     Your Affiant returned to the area near B&J Pawn and asked J.P. to identify Hart's vehicle. When Hart left the building, J.P. contacted your affiant and advised that that Hart drove a black Nissan with red rims.  At that time, your Affiant observed a black male exit the building and get into the passenger side of a black Nissan with Texas license plate number KPD 8526.

13.     Your affiant conducted a criminal history check to determine if Hart was a person prohibited from possessing a firearm.  On July 2, 2015, Hart was arrested for Misdemeanor Domestic Abuse with Child Endangerment.  On May 15, 2016, Hart was arrested for Misdemeanor Domestic Abuse Battery.  Your Affiant contacted Baton Rouge City Court's Clerk of Courts Office and was advised that both charges had been dismissed.

14.     On August 20, 2021, your affiant and ATF Special Agents Daniel Green and Justin Hutchison interviewed Hart at 4148 Sherwood Street in Baton Rouge.  Hart stated that an individual, who he later identified as **SMULLEN**, ordered the AR-15 receivers in Hart's name and had them delivered to B&J Pawn located at 700 Florida Avenue SW, Denham Springs, Louisiana 70726.  Hart stated that **SMULLEN** drove him to B&J Pawn so that Hart could complete the transaction form and background check required to purchase the receivers. Hart said that his background check was delayed for each of the transactions.

15.     Based on affiant's training and experience, a purchaser must wait three (3) business days before a firearm can be transferred when a background check is delayed. Each time, after waiting the three days required by law, **SMULLEN** drove Hart back to B&J Pawn to obtain the receivers on his behalf.

16.     Hart said that **SMULLEN** also drove him to Spillway Sportsman, another federally licensed firearms dealer located in Port Allen, Louisiana, where Hart purchased more

lower receivers for **SMULLEN**.  Hart said that each time, after he purchased receivers, **SMULLEN** would bring Hart home and then **SMULLEN** would leave with the receivers in his vehicle.

17.    Hart identified **SMULLEN**'s vehicle as a black Nissan and stated that **SMULLEN** was the sole occupant in the vehicle.

18.    In affiant's training and experience, persons who are prohibited from possessing or receiving firearms often engage "straw purchasers," or individuals who are not prohibited, who can illegally purchase a firearm for the prohibited person while falsely claiming that the firearm is their own.

19.    A criminal history check revealed that on December 8, 2020, **SMULLEN** was charged by bill of information with six (6) counts of Attempted First Degree Murder, Illegal Use of Weapons and Dangerous Instrumentalities, and Aggravated Criminal Damage to Property in 19th JDC Docket #DC-20-06029.

20.    On August 20, 2021, your affiant obtained a copy of a Bill of Information. According to court records, **SMULLEN's** pending felony charges have not been resolved. Therefore, **SMULLEN** remains prohibited from receiving a firearm.

21.    In my training and experience, AR type lower receivers constitute "firearms" as defined by 18 United States Code 921(a)(3). The term firearm means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of and explosive: (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.

22.    **SMULLEN** was released on bond in October 2020.  Based on information obtained through surveillance and open records searches, Agents had cause to believe that **SMULLEN** did not reside at the address provided when he was released.

23.    On August 25, 2021, your Affiant submitted an application for a warrant authorizing the installation and monitoring of a tracking device in a package prepared by agents with the ATF Baton Rouge Field Office.  The tracking warrant was signed by this Honorable Court and executed the same day.

24.    The package, which was shipped to B&J Pawn on 8/11/21 contained 50 AR-15 type firearm receivers addressed to customer Kenrick Hart.  The receivers were removed from the box by B&J Pawn for inventory and verification.  The receivers were withheld from the package and replaced with packing materials consistent with the weight of the receivers.  The tracking device was placed inside of the box.

25.    ATF agents conducted surveillance and arranged, as planned, for the controlled delivery of the package to **SMULLEN.**

26.    **SMULLEN** and Hart arrived at B&J Pawn in a black, 4 door, Nissan Maxima bearing Texas license plate KPD 8526 (hereinafter "the vehicle" or "**SMULLEN**'s vehicle").  Hart retrieved the package from B&J Pawn and returned to **SMULLEN**'s vehicle.  The parties placed the package in the trunk of **SMULLEN**'s vehicle.

27.    The pair left B&J Pawn with the package in the trunk of the vehicle.  **SMULLEN** then drove Hart to home located at 4148 Sherwood Street in Baton Rouge.  Hart got out of the vehicle and went inside the house.  **SMULLEN** left Hart's residence with the package still in the trunk of the vehicle.

28.    Law enforcement officers from several agencies coordinated surveillance and tracking of the vehicle and the package.    East Baton Rouge Parish Sheriff's ("EBRSO") deputies followed **SMULLEN** in unmarked units from Hart's residence.    EBRSO observed **SMULLEN** drive north towards Baker, Louisiana.

29.    **SMULLEN** made a stop for gas before his driving pattern became more erratic. **SMULLEN** ultimately arrived at SUBJECT PREMISES and pulled the vehicle into the attached carport.    EBRSO Deputies pulled into the driveway of the **SUBJECT PREMISES** in their unmarked units.

30.    When affiant arrived at the **SUBJECT PREMISES**, affiant learned that **SMULLEN** had been shot at some point after he arrived at the **SUBJECT PREMISES**.    The details of the shooting are yet unknown, and the matter is currently under investigation.

31.    Law enforcement observed two firearms in plain view in the front of **SMULLEN**'s car.    Specifically, a compact Glock pistol with no magazine was observed on the driver's seat, and a second, as yet unidentified, handgun was observed on the passenger's seat.

32.    The residence was occupied by Scottriana Walker, who identified herself to law enforcement as **SMULLEN**'s girlfriend.    She told law enforcement that she lives at the residence with **SMULLEN** and their three (3) year old child, Jayceon Smullen.    Ms. Walker confirmed that the parties have lived at the residence for less than a year, and that no one else resides in the home.

33.    Based on the foregoing, your affiant submits that there is probable cause to believe that **SMULLEN** committed the TARGET OFFENSES, and that the evidence, fruits,

and instrumentalities of the TARGET OFFENSES will be located at the **SUBJECT PREMISES**.

34.    In addition, your affiant submits that there is good cause to execute the search warrant at night.    Specifically, law enforcement has been present at the **SUBJECT PREMISES** since the scene was secured at approximately 5:30 p.m.    As of 9:15 p.m., ATF agents are still at the **SUBJECT PREMISES** while their state law enforcement partners complete their own investigation(s).    Ms. Walker and her child have been temporarily displaced from their home, ATF agents would request that the search warrant be executable at night so that the family can return as soon as possible.

## IV.    **REQUEST FOR SEALING**

35.    I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the ATF, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.  These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.  Sealing these documents will also better ensure the safety of agents and others.

## VI.    <u>CONCLUSION</u>

36.    I submit that this affidavit supports probable cause for a warrant to search the **SUBJECT PREMISES**, for evidence, instrumentalities, and/or fruits of the TARGET OFFENSES as further described in **Attachment B**.

37.    In consideration of the foregoing, I respectfully request that this Court issue a search warrant for the **SUBJECT PREMISES**, authorizing the search of this location, as described more fully in **Attachment A** and the seizure of items described in **Attachment B**.

Respectfully submitted,

ALTON CAMBRE  Digitally signed by ALTON CAMBRE
Date: 2021.08.25 22:52:09 -04'00'

Alton Cambre
Special Agent
Alcohol, Tobacco, Firearms and Explosives

**Affidavit submitted by email/.pdf and attested to me as true and accurate by telephone consistent with Federal Rules of Criminal Procedure 4.1 and 41(d)(3) on August __25__, 2021.**

SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF LOUISIANA

9

## ATTACHMENT A

*Property to be searched*

The property to be searched a private residence located at 2505 McHugh Road, Baker, Louisiana, 70714.    The home is believed to be occupied **Jaylon Jamare Smullen**, **("SMULLEN")** (B/M; D.O.B. 06/07/2000), his girlfriend, Scottriana Walker (D.O.B. 3/13/01), and their three (3) year old child, Jayceon Smullen (D.O.B. 5/6/18). **("SUBJECT PREMISES")**.

The **SUBJECT PREMISES** is further described as follows:

A one-story, single family red brick home with a tin roof and navy siding and trim.  The numbers "2505" are visible and affixed above the front door. The home has an attached carport with a black Nissan Maxima bearing Texas license plate KPD 8526.  The home is located in a rural area of Baker, Louisiana.

The search of the **SUBJECT PREMISES** shall include the vehicle identified as a black Nissan Maxima bearing Texas license plate KPD 8526, all rooms, extend into desks, cabinets, safes, briefcases, purses, trash receptacles, and other storage locations at or within the **SUBJECT PREMISES**, such as any sheds or storage structures located on the property of the **SUBJECT PREMISES,** in which items in attached **Attachment B** may be found.

 The following are photographs of the **SUBJECT PREMISES**:







4

## **ATTACHMENT B**

*Property to be seized*

1.      All evidence relating to violations of Title 18, United States Code, Sections 922(n) (receiving firearm(s) while under a felony bill of information); Title 18, United States Code, Sections 371 and 922(a)(6) (conspiring to provide false information to a federally licensed firearms dealer ("FFL") to order to illegally obtain firearm(s)), among other crimes. (collectively, the **"TARGET OFFENSES"**), those violations involving **SMULLEN** and occurring after **June 5, 2021,** including:

a.  Firearms, ammunition, explosives, destructive devices, or components of firearms, ammunition, explosives, or destructive devices;

b.  Any records of past, present or future firearms purchase/sale transactions, ledgers or logs containing information about firearms or explosive components transactions and manuals;

c.  Any records relating to registrations or taxes relating to firearms, destructive devices, or explosives;

d.  Records or evidence related to residency, occupancy, and/or ownership of the property being searched, including any surveillance cameras or equipment at the residence;

e.  Photographs or videos related to firearms, explosives, destructive devices and/or components, including any photographs or video captured by surveillance equipment.

f.  Any computers, smart phones, or any other electronic media that were or may have been used as a means to commit the offenses described in the warrant, including usage of these devices to purchase firearms or conspire with others to do so.

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means        ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No.  21-MJ-84 |
| THE PREMISES LOCATED AT | ) |
| 2505 McHUGH ROAD, | ) |
| BAKER, LOUISIANA 70814 | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Middle_____ District of _____Louisiana_____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT "A"

This Court possesses the authority to issue this warrant under 18 U.S.C. Sections 2703(c)(1)(A) and 2711(3)(A)(i) and Federal Rule of Criminal Procedure 41.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
SEE ATTACHMENT "B"

**YOU ARE COMMANDED** to execute this warrant on or before _____September 6, 2021,_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Scott D. Johnson_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    _____August 25, 2021, at 10:26 PM_____        _____
*Judge's signature*

City and state:    _____Baton Rouge, Louisiana_____        Scott D. Johnson, U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br> 21-MJ-84 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>ATTACHMENT A</u>

*Property to be searched*

The property to be searched a private residence located at 2505 McHugh Road, Baker, Louisiana, 70714.    The home is believed to be occupied **Jaylon Jamare Smullen**, **("SMULLEN")** (B/M; D.O.B. 06/07/2000), his girlfriend, Scottriana Walker (D.O.B. 3/13/01), and their three (3) year old child, Jayceon Smullen (D.O.B. 5/6/18). **("SUBJECT PREMISES")**.

The **SUBJECT PREMISES** is further described as follows:

A one-story, single family red brick home with a tin roof and navy siding and trim.  The numbers "2505" are visible and affixed above the front door. The home has an attached carport with a black Nissan Maxima bearing Texas license plate KPD 8526.  The home is located in a rural area of Baker, Louisiana.

The search of the **SUBJECT PREMISES** shall include the vehicle identified as a black Nissan Maxima bearing Texas license plate KPD 8526, all rooms, extend into desks, cabinets, safes, briefcases, purses, trash receptacles, and other storage locations at or within the **SUBJECT PREMISES**, such as any sheds or storage structures located on the property of the **SUBJECT PREMISES,** in which items in attached **Attachment B** may be found.

 The following are photographs of the **SUBJECT PREMISES**:







4

## ATTACHMENT B

*Property to be seized*

1.      All evidence relating to violations of Title 18, United States Code, Sections 922(n) (receiving firearm(s) while under a felony bill of information); Title 18, United States Code, Sections 371 and 922(a)(6) (conspiring to provide false information to a federally licensed firearms dealer ("FFL") to order to illegally obtain firearm(s)), among other crimes. (collectively, the **"TARGET OFFENSES"**), those violations involving **SMULLEN** and occurring after **June 5, 2021,** including:

a.  Firearms, ammunition, explosives, destructive devices, or components of firearms, ammunition, explosives, or destructive devices;

b.  Any records of past, present or future firearms purchase/sale transactions, ledgers or logs containing information about firearms or explosive components transactions and manuals;

c.  Any records relating to registrations or taxes relating to firearms, destructive devices, or explosives;

d.  Records or evidence related to residency, occupancy, and/or ownership of the property being searched, including any surveillance cameras or equipment at the residence;

e.  Photographs or videos related to firearms, explosives, destructive devices and/or components, including any photographs or video captured by surveillance equipment.

f.  Any computers, smart phones, or any other electronic media that were or may have been used as a means to commit the offenses described in the warrant, including usage of these devices to purchase firearms or conspire with others to do so.